THE ATKINSON CAR SPRING WORKS

*v.*

O. M. BARBER.

*Filed at Ottawa, May 9, 1893.*

1. ERROR WILL NOT ALWAYS REVERSE—*evidence excluded—subsequently admitted.* Where a party, by his statement, offers to prove certain facts, and the court sustains an objection to the introduction of the proposed proof, but he is allowed by the court to proceed and prove the

same facts as he had offered to prove, so that he gets the benefit of all the testimony he desired to introduce, the error in the first ruling of the court, if any, will not justify a reversal of the judgment.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

Messrs. G. W. and J. T. KRETZINGER, for the appellant:

Messrs. MILLER & STARR, for the appellee:

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an action of assumpsit, begun in the Circuit Court of Cook county, wherein appellee was plaintiff, and appellant was defendant.

The declaration is upon a promissory note made by the the defendant, payable to one C. H. Holbrook, and by him assigned to the plaintiff.

The defense set up, by several special pleas, was a failure of the consideration for which said note was given, and notice thereof to plaintiff before the assignment to him. The trial was by the court without a jury, and judgment rendered for the plaintiff for $1,024.33, the amount of the note sued on, and costs of suit.   The Appellate Court having affirmed that judgment, the defendant below prosecutes this appeal.

The judgment of affirmance in the Appellate Court has conclusively settled all controverted questions of fact necessary to support the judgment of the Circuit Court adversely to appellant.

No propositions were submitted to the trial court, to be held as the law of the case, and it will, therefore, be presumed that the law was correctly applied to the facts by that court in rendering its judgment in favor of the plaintiff. *Montgomery et al.* v. *Black et al.*, 124 Ill. 62, and cases cited.   Therefore, the only errors assigned here, which can be considered, are those questioning the ruling of the trial

court on the admission and exclusion of testimony. It is not contended in the argument that improper testimony was admitted.

F. M. Atkinson, being sworn as a witness for the defendant, was shown the note sued on, and asked what it was given for. Plaintiff's counsel objected to the question, and thereupon the court inquired of counsel for the defendant what he expected to show. In response to that inquiry, an extended statement was made as to what the defendant proposed to prove. Counsel for the plaintiff objected to the introduction of the proposed proof, and the court sustained the objection. To this ruling an exception was taken, and it is now insisted that the court erred therein.

The bill of exceptions shows that immediately after the sustaining of said objection counsel for the defendant proceeded, by direct interrogatories to Mr. Atkinson, to prove just what he had previously stated he expected and proposed to show; and objections to each of such interrogatories by plaintiff's attorney were overruled, and the witness allowed to answer. The defendant, therefore, had the full benefit of all the testimony it desired to introduce, and suffered no injury whatever from the ruling of which it now complains. Even if it could be said that all that was stated in the proposition of counsel was not covered by the subsequent examination of the witness, the answer would be, the defendant alone is responsible for the omission, because the court overruled every objection to questions asked.

It is clear, that the judgment of the Appellate Court is the only one which could be properly entered upon this record.*

*Judgment affirmed.*

---

*SMITH, *Appellant,* v. BARBER, *Appellee.*—This is a suit in assumpsit on a guarantee indorsed on the note sued on in the foregoing case of *Atkinson Car Spring Works* v. *Barber.* The questions involved are identical with those passed upon in that case. The judgment of the Appellate Court will, therefore, be affirmed in this case, for the reasons stated in that.    *Judgment affirmed.*